### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DEANTIONNE M. WOLFE, | : | MOTION TO VACATE |
| Federal Reg. No. 67142-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:15-CR-318-WSD-JSA-1 |
| | : | |
| UNITED STATES OF | : | CIVIL ACTION NO. |
| AMERICA, | : | 1:16-CV-4386-WSD-JSA |
| Respondent. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Deantionne M. Wolfe has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 38). Movant seeks to challenge the constitutionality of his sentences, which were imposed on April 20, 2016, following his guilty plea in the Northern District of Georgia.

I.   Procedural History

On August 18, 2015, Movant was indicted by a federal grand jury in the Northern District of Georgia and charged with five counts of theft of Government funds in violation of 18 U.S.C. § 641 and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. (Doc. 1).

On February 11, 2016, Movant entered a guilty plea, pursuant to a negotiated plea agreement, to one count of theft of Government funds (Count One)

and one count of aggravated identity theft (Count Six).[1]  (Docs. 27, 36).  The negotiated plea agreement contains a waiver of Movant's appellate and collateral rights (hereinafter "appellate waiver").  (Doc. 27, Attach. 1 at 15, ¶ 30).  On April 20, 2016, U.S. District Judge William S. Duffey, Jr. sentenced Movant to a net total of forty-four (44) months of imprisonment to be followed by two years of supervised release, plus restitution.[2]  (Docs. 32, 35).  Movant did not file a direct appeal.

Movant executed the instant § 2255 motion to vacate his sentences in this Court on October 31, 2016, in which he argues that the Court violated his due process rights when it refused to grant him a two-level offense reduction for a mitigating role in the offense under U.S.S.G. § 3B1.2 after failing to recognize Amendment 794 thereto.  (Doc. 33).  The Government has filed a motion to dismiss the § 2255 motion [Doc. 37], and Movant has filed a reply [Docs. 38, 39].[3]

---

[1] The remaining charges against Movant were dismissed as part of the Plea Agreement.  (Doc. 27, Attach. 1 at 5, ¶ 11).

[2] Specifically, Movant was sentenced to twenty (20) months for the theft of Government funds, a consecutive twenty-four (24) months for the aggravated identity theft, and $361,834.28 in restitution.  (Doc. 32; Doc. 35 at 26).

[3] Although the Clerk has docketed two separate documents as Movant's response in opposition to the Government's motion to dismiss, those documents

II.     Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present

---

appear to be identical. (Docs. 38, 39).

3

"exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989).  As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims.  Thus, no evidentiary hearing is required.

III.   Analysis

A.   The Appellate Waiver Is Valid And Enforceable And Prohibits Movant From Raising His Claim.

Movant does not appear to dispute that he entered into his plea knowingly and voluntarily.  Regardless, Movant's sworn testimony during the plea colloquy – which carries a strong presumption of truth (*see Blackridge v. Allison*, 431 U.S. 63, 74 (1977)) –  indicates that he did, in fact, enter into his plea knowingly and voluntarily.

Indeed, during the plea hearing, Movant swore that:  no one had threatened or forced him to enter a guilty plea, no one had threatened to bring additional

4

charges or any other adverse action if he did not enter a guilty plea, and no one had made any promises that influenced his decision to enter the guilty plea other than those promises contained in the plea agreement. (Doc. 36 at 24-25). Movant has not argued or brought forth any evidence to overcome the strong presumption of the veracity of his statements during the plea hearing, and he therefore has failed to demonstrate that his plea was anything other than knowing and voluntary. *Cf., Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (finding the movant's allegations that his plea was not voluntary were in direct conflict with his statements during the plea colloquy, he produced no evidence to challenge the veracity of his sworn testimony, and his last minute self-serving statements therefore were insufficient to demonstrate that his plea was not entered into voluntarily).

Because Movant knowingly and voluntarily entered into the plea agreement containing the appellate waiver, that appellate waiver is valid and enforceable. *See United States v. Santiesteban*, 587 F. App'x 548, 551 (11th Cir. 2014); *United States v. Wilson*, 445 F. App'x 203, 207 (11th Cir. 2011); *United States v. Ramos*, 433 F. App'x 893, 895 (11th Cir. 2011); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir.

5

1993).  "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'"  *Bushert*, 997 F.2d at 1350 (citations omitted).  In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'" *Wilson*, 445 F. App'x at 207 (quoting *Bushert*, 997 F.2d at 1351); *Ramos*, 433 F. App'x at 895-96; *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  In this case, the Government has demonstrated both.

The appellate waiver contained in the Plea Agreement provides as follows:

### **Limited Waiver of Appeal**

30.   LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court.  Claims that Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates

6

> a direct appeal of the sentence imposed, the Defendant may
> file a cross-appeal of the same sentence.

(Doc. 27, Attach. 1 at 15-16, ¶ 30).

During the plea hearing, the Court asked the Government to summarize the plea agreement, and told Movant to listen carefully to that summary.  (Doc. 36 at 13).  At the end of the Government's summary, the Government read aloud the appellate waiver contained in the agreement.  (*Id.* at 23).  Immediately thereafter, Movant told the Court that he had listened carefully to that summary and that it was, in fact, an accurate summary of the plea agreement into which he had entered.  (*Id.* at 24).  And later in the plea colloquy the Court specifically questioned Movant about the appellate waiver, asking him if he understood that he was giving up his right to appeal and to file collateral relief, and Movant stated that he understood.  (*Id.* at 40-43).  It is therefore clear from the record that Movant understood the significance of the appellate waiver, and he has not produced any evidence to the contrary.  Consequently, Movant's appellate waiver is valid and enforceable.  *See Demello v. United States*, 623 F. App'x 969, 973-74 (11th Cir. 2015) (holding collateral attack waiver valid and enforceable where the court specifically questioned the movant about the waiver and told him he was

7

waiving his right to both an appeal and post-conviction proceeding, the movant affirmed that he understood the terms of the waiver and had agreed to those terms, when asked whether he had any questions he responded that he had none, and the terms of the plea agreement and representations the movant made therein further showed that he understood the significance of the waiver); *United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *Bushert*, 997 F.2d. at 1350-51 ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted).

Movant's claim that the Court violated his due process rights when it refused to grant him a two-level offense reduction for a mitigating role in the offense under U.S.S.G. § 3B1.2 after failing to recognize Amendment 794 thereto does not involve a challenge to an upward departure or variance, which, other than a cross-appeal if the Government were to file an appeal, is the only exception

8

contained in the appellate waiver.  Because Movant's claim does not involve any of the exceptions contained in the appellate waiver, Movant is barred from raising it.  *See, e.g., United States v. Cifuentes*, 159 F. App'x 883, 888 (11th Cir. 2005) (holding that the enforceable appellate waiver contained in the plea agreement barred the movant's claim that he should have received a minimal or minor role under U.S.S.G. § 3B1.2); *Moore v. United States*, Civil Action No. CV616-164, Criminal Action No. CR615-101, 2017 WL 750458, at *4 (S.D. Ga. Feb. 24, 2017) (holding appellate waiver in plea agreement barred the movant's claim that he should have received a role reduction); *see also United States v. Cruz*, 300 F. App'x 686, 688 (11th Cir. 2008) (holding movant was precluded from challenging the court's guideline calculation based on the valid and enforceable appellate waiver); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2008) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."); *Brown v. United States*, 256 F. App'x 258, 262 (11th Cir. 2007) ("To the extent Brown properly raised sentencing arguments in her § 2255 motion, they are barred by the sentence appeal waiver in her plea agreement from being raised collaterally.").

B.    Movant's Claim Is Not Cognizable Under § 2255.

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014).  *See also United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("While the remedy [of § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing.").  Indeed, an alleged error only provides a basis for collateral attack if the claimed error constituted "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Those claims that fall within the definition of such a fundamental defect include a constitutional violation, a sentence that is above the maximum statutory sentence, and/or the proceeding was infected with a "fundamental" error that would render the entire proceeding invalid.  *Id.* at 186.

Movant's claim essentially boils down to an argument that had the Court applied the guidelines contained in Amendment 794 to U.S.S.G. § 3B1.2 in determining whether Movant was a minor or minimal participant, Movant would have been entitled to a two-point reduction in connection therewith.  (Doc. 1 at 4).  Notably, however, Amendment 794 actually amended the commentary, rather than

10

the text of, U.S.S.G. § 3B1.2 , by providing a non-exhaustive list of factors for a court to consider when making the minor or minimal role determination. *See* U.S.S.G. § 3B1.2, Application Notes 3(C); *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015) (discussing Amendment 794). Consequently, it is considered a "clarifying amendment," which did not change the substance of U.S.S.G. § 3B1.2. *See United States v. Palma-Meza*, __ F. App'x __, 2017 WL 1371385, at *1 (11th Cir. Apr. 17, 2017) (describing Amendment 794 as a "clarifying amendment that recently added commentary guidance for evaluating whether a defendant is entitled to a mitigating-role reduction"); *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016) ("[A]n amendment to the commentary, and not the text, of the Guidelines 'suggest[s] that it clarifies' the guideline 'rather than substantively alters it. . . . Thus, the government in this case argues correctly that Amendment 794 merely clarified the factors to consider for a minor-role adjustment, and did not substantively change § 31B.2 [sic].") (citations omitted). Despite the fact that Movant couched his claim in terms of a violation of his constitutional due process rights, his claim that the Court should have applied Amendment 794 – a clarifying amendment – and provided him with a minor role reduction under U.S.S.G. § 3B1.2 does not constitute a constitutional

11

claim. *See Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (referring to clarifying amendments to the Sentencing Guidelines as "non-constitutional claims" that do not provide relief in a § 2255 proceeding).  Additionally, neither Movant's sentence of twenty-four (24) months for theft of Government funds under 18 U.S.C. § 641 (carrying a maximum statutory sentence of ten years) nor his twenty (20) month sentence for aggravated identity theft under 18 U.S.C. § 1028A (carrying a maximum statutory sentence of two years to be served consecutively to any other term of imprisonment) are above the statutory maximum.  *See* 18 U.S.C. §§ 641, 1028A (a)(1) & (b)(2).  Finally, Movant does not allege, nor does the Court find, any other "fundamental error that would render the entire proceeding" invalid. *Addonizio*, 442 U.S. at 186.  Thus, Movant's claim is not cognizable in this § 2255 proceeding and should be dismissed.[4]  *See, e.g., Burke*, 152 F.3d at 1331; *see also Brown v. United States*, __ F. App'x __, 2017 WL 1828892, at *5 (11th Cir. May 5, 2017) ("[A] misapplication of the

---

[4] Movant cites to the Supreme Court's recent decision in *Molina-Martinez v. United States*, __ U.S. __, 136 S. Ct. 1338 (2016) for the notion that his claim that the Court erred in applying the Sentencing Guidelines is a fundamental error that this Court should consider in the instant § 2255 motion.  (Doc. 38 at 2; Doc. 39 at 2).  *Molina-Martinez*, however, is inapposite, as unlike this case, it involved a direct appeal rather than a § 2255 motion, and the sentencing court had applied a Guideline range higher than the applicable one. *See id.* at 1341-42.

Guidelines does not constitute a 'fundamental defect' or 'result[] in a complete miscarriage of justice' and the erroneous application of a Guidelines provision will not serve as a basis for relief in a collateral proceeding under § 2255.") (quoting *Spencer*, 773 F.3d at 1135, 1139-42); *Spencer*, 773 F.3d at 1139 ("A misapplication of advisory Sentencing Guidelines falls short of [the fundamental defect] standard" required for review of a claim under § 2255); *Bernabe v. United States*, Nos. 4:03-CR-70-1-HLM-WEJ, 4:16-CV-249-HLM-WEJ, 2016 WL 8736990, at *1 (N.D. Ga. Aug. 26, 2016), *report and recommendation adopted by*, 2016 WL 5329605 (N.D. Ga. Sept. 22, 2016) (finding movant's claim seeking a sentence reduction for a minor role pursuant to Amendment 794 was not properly brought under § 2255); *accord*, *Filippelli v. United States*, Nos. 16-24495-Civ-COOKE, 15-20691-Cr-COOKE, 2016 WL 6876491, at *6 (S.D. Fla. Oct. 31, 2016), *report and recommendation adopted by*, 2016 WL 6834137 (S.D. Fla. Nov. 21, 2016); *Willingham v. United States*, Nos. CV 116-130, CR 113-010, 2016 WL 5844489, at *1 (S.D. Ga. Sept. 7, 2016), *report and recommendation adopted by*, 2016 WL 5843318 (S.D. Ga. Oct. 3, 2016).[5]

---

[5] Movant does not ask that the Court consider his claim as a motion for sentence reduction under 18 U.S.C. § 3582(c), which allows the Court to modify a sentence where, *inter alia*, the sentencing guideline range applied to the

IV.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Government's motion to dismiss [Doc. 37] be **GRANTED**, and that Movant Deantionne M. Wolfe's motion to vacate sentence [Docs. 38] be **DENIED**.

V.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the

------------------------

defendant subsequently was lowered, and where any such modification would be consistent with the Sentencing Commission's policy statements.  The Government argues that if this Court were to construe Movant's claim under 18 U.S.C. § 3582 he would not be entitled to relief because Amendment 794 is not listed under the Sentencing Commission's policy statements pertaining to retroactive reductions of sentences on collateral review in U.S.S.G. § 1B1.10.  Because: (1) Movant does not argue that his request for a sentence reduction is pursuant to 18 U.S.C. § 3582; (2) section 3582 only applies to a defendant's guideline range that is lowered *after* that defendant was sentenced; and (3) Amendment 794 went into effect on November 1, 2015, *before* Movant entered his plea, the undersigned will not construe Movant's argument as a claim for sentence reduction under 18 U.S.C. § 3582.

14

denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determinations that the appellate waiver bars Movant's claim or that his claim is not cognizable under § 2255. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

15

The Clerk is **DIRECTED** to terminate the reference to the undersigned

Magistrate Judge.

**IT IS SO RECOMMENDED** this 19th day of July, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

16